# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>DIJAN, INC.<br><br>    Debtor | Case No. 5-10-06556<br><br>Chapter 11 |
| DIJAN, INC.<br><br>    Movants<br><br>v.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION<br><br>    Respondent | |

**EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING INTERIM AND PERMANENT USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION REGARDING SAME**

    AND NOW, comes Dijan, Inc., Debtor and Debtor in Possession herein, (hereinafter "Debtor") by and through their attorneys, Brian E. Manning and Mark J. Conway, and file the following motion for an order pursuant to 11 U.S.C. §§ 361 and 363 authorizing the use of Cash Collateral and providing adequate protection regarding same (hereinafter the "Motion") and in support thereof it alleges:

    1.    By this motion, the Debtor seeks the use of the cash collateral of Wachovia Bank, National Association (hereinafter "Wachovia"), to fund the Debtor's normal operating expenses. Wachovia is the largest pre-petition secured creditor with a first priority

perfected a lien on substantially all of the business assets of Dijan, Inc., including, but not limited to, certain real estate, inventory, accounts, accounts receivable, and other intangible assets of the company.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. Venue lies properly in this court pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3. The relief sought with this Motion is based on sections 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (hereinafter the "Bankruptcy Code")

4. On August 11, 2010, (hereinafter the "Petition Date") the Debtor filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor intends to continue in the possession of its property and the management of its business as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a corporation which maintains a principle place of business located in Scranton Pennsylvania.

6. The Debtor presently has more than 200 employees.

7. The Debtor's primary business, and upon which the Debtor was founded, is the operation of 14 Arby's restaurants.

8. According to the Debtor's schedules on the Petition Date there existed inventory and accounts valued at $181,442.00.

9. Prior to the petition date the Debtor entered into a certain loan transaction with Wachovia. For and in exchange of the advances made by Wachovia under the loan

documents the Debtor granted to Wachovia a security interest in, inter alia, the Debtor's accounts receivable, accounts, inventory, as well as cash and non-cash proceeds thereof.

10. As of the petition date the debtors believe that Wachovia was owed to approximately $2,502,351.97.

11. It is necessary for the survival of the Debtor's business and to protect its opportunity to reorganize that the Debtor be able to use the Wachovia Cash Collateral to fund its operations. If the Debtor is not permitted to use the Wachovia Cash Collateral the Debtor will not be able to continue to operate. If the Debtor is unable to operate it is likely that the unsecured creditors will not receive a distribution on their claims against the bankruptcy estate.

12. The Debtor's request should be granted because the Debtor is willing to provide to Wachovia a replacement lien on the Debtor's post-petition accounts, accounts receivable and inventory in an amount equal to their secured claim, to be determined as of the petition date, and in the same lien priority as existed prior to the petition date.

13. Section 363(c) of the Bankruptcy Code provides that a debtor may not use cash collateral unless the entity with an interest in the cash collateral consents or the court authorizes such use. At the request of the entity with an interest in the cash collateral, the court may condition the use of such cash collateral on the debtor providing adequate protection of the entities interest in the cash collateral.

14. Examples of adequate protection are provided in section 361 of the Bankruptcy Code and include, but are not limited to: (a) lump sum or periodic cash payments to the extent that such use will result in a decrease in the value of such entity's interest in the property; (b) provisions for an additional or replacement lien to the extent that the use of the

property will cause a decrease in the value of such entity's interest in the property; and (c) such other relief as will result in the realization by the entity of the indubitable equivalent of such entity's interest in the property.

15. "Adequate Protection" is a flexible concept that requires a court to make decisions on a case by case basis. *In re Gallegos Research Corp., 193 B.R. 577, 584 (Bankr. D. Colo. 1995); In re Family Partnership, 95 B.R. 166, 177 (Bankr. E.D. Ca. 1989).* In determining whether the protection provided is adequate the "important question is whether that interest, whatever it is, is being unjustifiably jeopardized." *In re Aqua Assoc., 123 B.R. 192, 196 (Bankr. E.D. Pa 1991) (citing n re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 376, 386-89 (Bankr. E.D. Pa.) aff'd , 75 B.R. 819 (E.D. Pa. 1987).*

16. While the debtor has the burden to seek permission to use the cash collateral of the secured creditor and to prove that "adequate protection" exists for the creditor, it is the purported secured party or other entity asserting an interest in the alleged cash collateral that has the burden of proof on the issues of validity, priority or extent of such interest. 11 U.S.C. §§363(p).

17. Wachovia is "adequately protected" (as defined in section 361 of the Bankruptcy Code) because (1) it will receive replacement liens to the extent that the use of the Wachovia cash collateral will cause a decrease in value of Wachovia's interest in their cash collateral and (2) Wachovia will realize the indubitable equivalent "of its interest in the Wachovia cash collateral upon completion of reorganization.

18. As adequate protection the Debtor is willing to provide Wachovia with replacement liens on the Debtors post-petition accounts receivable and inventory to the same

extent, value, and with the same priority and validity, as its security interest in such assets pre-petition, but only to the extent of the use of any of the Wachovia cash collateral.

19. While adequate protection is required under section 362, 363, or 364 of the Bankruptcy Code of an interest of an entity in property, such adequate protection may be provided by providing to such entity an additional or replacement lien to the extent that such stay, use, lease, or grant results in a decrease in the value of such entity's interest in such property. 11 U.S.C. § 361(2). The purpose of this method of providing adequate protection is to provide the protected entity with the means of realizing the value of the original property, if it should decline during the case, by granting an interest in additional property from whose value the entity may realize its loss. H.R. Rep. 595, 95th Cong. 1st Session 338-40 (1977).

20. In addition, the use and expenditure of Wachovia's Cash Collateral in the Debtor's business operations provides Wachovia with adequate protection because such use maximizes the Debtor's going concern value, allows the debtor to operate profitably and greatly improves the likelihood that Wachovia will realize the value or the indubitable equivalent of its interest in the Wachovia cash collateral.

21. An entity is adequately protected if it will realize the indubitable equivalent of its collateral upon completion of reorganization.

22. The Debtor's ability to reorganize depends largely on whether the Debtor is permitted to use the Wachovia cash collateral to fund its operations at this time.

23. In addition, the debtor will maintain insurance coverage on the tangible assets of the debtor, which constitute Wachovia collateral and will continue to satisfy all disclosure requirements to Wachovia.

24. Debtor requests the authority to use the Cash Collateral of Wachovia on an interim emergency basis as well as on a permanent basis. The Debtor's immediate needs for Cash Collateral is more fully described in the Budget attached hereto and marked as Exhibit "A", which budget reflects the Debtor's cash needs for the next thirty (30) days.

25. Wachovia is adequately protected (as defined in Section 361 of the Bankruptcy Code) because (one) it will receive replacement liens to the extent that the use of the Wachovia cash collateral cause a decrease value of the Wachovia's interest in the cash collateral and (2) Wachovia will realize the indubitable equivalent of its interest in the Wachovia cash collateral upon completion of reorganization, therefore the debtors request for authority to use the cash collateral of Wachovia should be granted.

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form the annexed hereto to, granting the debtor the relief requested by this Motion and granting such other and further relief as is just an appropriate under the circumstances.

**Law Offices of Brian E. Manning**
/s/ Brian E. Manning
Brian E. Manning, Esquire
502 S. Blakely, St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808

Dated: August 12, 2010

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>DIJAN, INC.<br><br>      Debtor | Case No. 5-10-06556<br><br>Chapter 11 |
| DIJAN, INC.<br><br>      Movants<br><br>v.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION<br><br>      Respondent | |

**EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING INTERIM AND PERMANENT USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION REGARDING SAME**

AND NOW, upon the Motion of the Debtor and after a hearing thereon, it is hereby

ORDERED and DECREED that Debtor shall be granted the authority to use the Cash Collateral of Wachovia for the purposes and in the amounts set for in the Budget attached to the Debtor's Motion and marked as Exhibit "A".

**DIJAN INC.**
**Cash Collateral Budget**
**Total**

| Description | Specific Due Date | Total |
|---|---|---|
| Payroll/Taxes | | $364,050 |
| Controllable/Non-Controllable | | $623,166 |
| **Total** | | **$987,216** |

| |
|---|
| Note: Aug. Sales Tax due after Sept. 14, 2010 - due Sept. 20, 2010 |
| Estimated Aug Sales Tax $59,000.00 |

Exhibit "A"

**DIJAN INC.**
**Cash Collateral Budget**
**Operations**

| Description | Specific Due Date | Total |
|---|---|---|
| **Food Purveyors** | | $247,505 |
| **Lenders** | | $67,660 |
| **Service Contracts** | | $8,910 |
| **Insurance** | | $14,722 |
| **Advertising** | | $35,311 |
| **Office Expense/Supplies** | | $3,000 |
| **Misc. Expenses** | | $21,550 |
| Restaurant Petty Cash Reimb. | | $10,600 |
| Uniforms | | $1,250 |
| Credit Card/Bank Fees | | $9,700 |
| **Repair & Maintenance** | | $47,000 |
| **Utilities** | | $55,000 |
| **Rents** | | $60,000 |
| **Travel** | | $1,375 |
| **Franchise Fees** | | $55,734 |
| **Trash Removal** | | $5,400 |
| **Total** | | $623,166 |

**DIJAN INC.**
**Cash Collateral Budget**
**Payroll/Taxes**

| Description | Specific Due Date | Total |
|---|---|---|
| **Sales Tax July** | | |
| PA | 8/20/2010 | $37,427 |
| WV | 8/20/2010 | $13,000 |
| VA | 8/20/2010 | $2,440 |
| VA Local | 8/20/2010 | $3,284 |
| | | |
| **Payroll Net Wages** | | |
| CD 8/16/10 | 8/16/2010 | $100,000 |
| CD 8/30/10 | 8/30/2010 | $100,000 |
| | | |
| **Federal Tax Pmt** | | |
| CD 8/16/10 | 8/19/2010 | $27,000 |
| CD 8/30/10 | 9/2/2010 | $27,000 |
| | | |
| **State Withholding** | | |
| PA | 8/11/2010 | $2,627 |
| PA | 8/25/2010 | $2,700 |
| PA | 9/7/2010 | $2,700 |
| WV July | 8/20/2010 | $1,843 |
| WV CD 8/02/10 | 9/20/2010 | $892 |
| WV CD 8/16/10 | 9/20/2010 | $900 |
| WV CD 8/30/10 | 9/20/2010 | $900 |
| VA July 2010 | 8/20/2010 | $571 |
| VA CD 8/02/10 | 9/20/2010 | $278 |
| VA CD 8/16/10 | 9/20/2010 | $300 |
| VA CD 8/30/10 | 9/20/2010 | $300 |
| | | |
| **Garnishment** | | |
| CD 8/16/10 | 8/16/2010 | $500 |
| CD 8/30/10 | 8/30/2010 | $500 |

**Page 1 0f 2**

**DIJAN INC.**
**Cash Collateral Budget**
**Payroll/Taxes**
**Local Taxes - Paid Quarterly**

| | | |
|---|---|---|
| Local EIT July 2010 | 10/31/2010 | $2,458 |
| Local EIT CD 8/02/10 | 10/31/2010 | $1,211 |
| Local EIT CD 8/16/10 | 10/31/2010 | $1,250 |
| Local EIT CD 5/30/10 | 10/31/2010 | $1,250 |
| LST July 2010 | 10/31/2010 | $647 |
| LST CD 8/02/10 | 10/31/2010 | $285 |
| LST CD 8/16/10 | 10/31/2010 | $300 |
| LST CD 8/30/10 | 10/31/2010 | $300 |

**B&O Tax**

| | | |
|---|---|---|
| #5081 July | 10/31/2010 | $256 |
| #1502 July | 10/31/2010 | $263 |
| #1567 July | 10/31/2010 | $224 |
| #7610 | | $878 |
| #372 | | $1,400 |
| #1789 | | $600 |

**Unemployment Tax**

| | | |
|---|---|---|
| FUI July | 10/31/2010 | $845 |
| FUI CD 8/02/10 | 10/31/2010 | $367 |
| FUI CD 8/16/10 | 10/31/2010 | $400 |
| FUI CD 8/30/10 | 10/31/2010 | $400 |
| SUI July | 10/31/2010 | $3,539 |
| SUI CD 8/02/10 | 10/31/2010 | $1,517 |
| SUI CD 8/16/10 | 10/31/2010 | $1,600 |
| SUI CD 8/30/10 | 10/31/2010 | $1,600 |

**Group Health**

| | | |
|---|---|---|
| NE PA Bus. Assoc. | | $16,500 |
| Security Mutual | | $800 |

**Total**            **$364,050**